**In the Matter of John Millard BECK.**

**No. D–145.**

United States Court of Appeals, Seventh Circuit.

Submitted March 8, 1990.

Decided May 9, 1990.

**6**

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

This court appointed John Millard Beck under the Criminal Justice Act as counsel for James K. Gaylor. After extended delay, Beck filed a brief with a statement of facts and argument that together do not come to two pages. In an unpublished order, the court concluded that Beck's efforts would not have sufficed even as an *Anders* brief, which this did not purport to be. We relieved Beck and appointed a new lawyer for Gaylor, and we issued an order requiring Beck to show cause why he should not be subject to discipline under Fed.R.App.P. 46(c). The order told Beck that the "court is particularly concerned about the following:

1. Beck did not file the jurisdictional statement required by this court's rules until after several orders threatening sanctions (including dismissal of the appeal), putting his client's case at risk.

2. A scheduling order issued by the court required Beck to file his opening brief on July 27, 1989. He neither filed the brief nor sought an extension. After we issued a show-cause order on September 27, 1989, requiring both a response and the brief by October 11, Beck finally filed a brief—on October 13. Again

such dereliction jeopardizes the client's position.

3. The brief contains a jurisdictional statement from another case, ending: 'The United States is appealing the district court's order suppressing evidence prior to trial.' This case is not an appeal by the United States and has nothing to do with suppression of evidence.

4. The brief contains no statement of facts. The full text of the material following the caption 'STATEMENT OF FACTS' is: 'THE DEFENDANT DOES NOT FEEL THAT THE GUILTY VERDICT IS SUPPORTED BY THE EVIDENCE SUBMITTED BY THE PROSECUTION IN FINDING HIM GUILTY OF USE OF A FIREARM WITHIN THE MEANING OF 18 U.S.C. 924(c).' Mr. Beck does not summarize the evidence or cite to the record, in violation of both this court's rules and the Rules of Appellate Procedure.

5. The argument section of the brief, one page long, does not analyze the evidence or enable the court to determine whether the prosecution's case was legally sufficient.

6. The brief is typed entirely in capital letters and shows other signs of unprofessional preparation."

Beck filed a three-page answer waiving his right to an oral hearing under Rule 46. Like the brief, the answer was untimely.

Beck's answer raises in our minds a substantial question whether he is capable of doing more good than harm for a client using his services. Other than saying that he is a sole practitioner and that this was his first appeal, Beck has no explanation. His full response to paragraph 2 of our order reads:

As For [sic] the scheduling order I was in the wrong and I was show caused [sic] for this. I submitted an answer to the show cause [sic] that was entered against me by this Court. I never intended to jeopardize my clients [sic] case.

Beck does not try to tell us why he filed neither a brief nor an application for an

extension of time. His responses to the other aspects of the order are equally feeble. A one-page argument following an uninformative statement that the defendant does not "feel" that the evidence is sufficient—and describing none of the evidence—falls well below minimum professional standards. E.g., *John v. Barron*, 897 F.2d 1387, 1392–94 (7th Cir.1990).

Members of the bar of the Seventh Circuit have an obligation to render competent services. Although the cumbersome mechanisms of professional discipline usually are reserved for lawyers who steal from clients, otherwise violate ethical rules, or frivolously vex adversaries, they are not so limited. It is an important part of the judicial office to ensure the competence and dedication of the bar, as well as its adherence to ethical standards. *United States v. Williams*, 894 F.2d 215 (7th Cir. 1990); *SEC v. Suter*, 832 F.2d 988 (7th Cir.1987); *United States v. Gerrity*, 804 F.2d 1330 (7th Cir.1986); *United States v. Bush*, 797 F.2d 536 (7th Cir.1986); *El-Gharabli v. INS*, 796 F.2d 935, 938–40 (7th Cir.1986). Defendants in criminal cases especially need the courts' aid. Indigent criminal defendants do not select their own lawyers. If counsel offer feeble assistance, meritorious defenses may go unclaimed, or defendants may languish in prison (as Gaylor is) while the court obtains a second lawyer to put up a stiffer defense.

Although disbarment of an incompetent lawyer is the only safe resource, it may be that Beck is capable of better work. We hereby suspend Beck from the bar of this court, with the proviso that after a year he may apply for reinstatement. The application should be accompanied by proof that Beck has taken a course in appellate advocacy and, as part of that course, has written and submitted for professional evaluation one or more appellate briefs. ALI-ABA offers courses of this nature. Beck offered to "attend a seminar on Appellant [sic] work", and we shall hold him to that promise. In applying for reinstatement, Beck should furnish us with the brief submitted as part of the course or provide comparable evidence of professional skills. When applying for reinstatement, Beck

also must submit certificates showing his good standing in the Indiana bar and the bar of the United States District Court for the Northern District of Indiana.