937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James K. GAYLOR, Defendant-Appellant.
 No. 89-1698.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1991.
Decided July 12, 1991.
 
 Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 A jury convicted James K. Gaylor of distributing cocaine, in violation of 21 U.S.C. Sec. 841(c)(1), and of possessing a firearm during and in relation to that offense, in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Gaylor to the mandatory minimum term of five years' imprisonment for the firearm offense, to run consecutively (as the statute requires) to the 33-month sentence for the cocaine offense imposed under the Sentencing Guidelines.
 
 
 2
 John Millard Beck represented Gaylor at trial and filed a brief on his behalf in this court. The brief was woefully inadequate, so we relieved Beck and appointed a new lawyer for Gaylor. We later disciplined Beck. In re Beck, 902 F.2d 5 (7th Cir.1990). Gaylor's new lawyer contends that Beck furnished ineffective assistance of counsel at trial, and that the evidence is insufficient to support the conviction. A brief review of the latter contention will assist in the evaluation of the former.
 
 
 3
 James Cronin, an agent of the DEA, bought some "crack" cocaine (cocaine base) from a crack house on October 20, 1988. He entered the house to buy three "rocks" of crack. According to agent Cronin, James Gaylor (whom Cronin identified at trial) took out a case from which Cronin chose three rocks. Cronin paid $60 and left. He testified that Gaylor was holding a rifle during the transaction and that a shotgun was leaning against the wall nearby. Another denizen of the crack house was toting a revolver.
 
 
 4
 Cronin obtained a search warrant and returned to make the arrest. The agents nabbed Gaylor, who had in his possession the $60 Cronin paid for the cocaine. (The DEA had recorded the serial numbers of the bills.) The agents seized the rifle and the shotgun. Both were loaded and in operating condition. The man with the revolver was not present when the agents closed in. Gaylor testified in his own defense, admitting presence in the crack house but denying a role in the sale. Gaylor contended that he was a casual user who had come to smoke crack and collect a debt for the recent sale of a stereo to the proprietor. He explained the damning money as payment for the stereo. The jury was not persuaded.
 
 
 5
 Gaylor now contends that the evidence was insufficient. This argument is unavailing. An eyewitness to the offense, plus the inferences to be drawn from the money in Gaylor's possession when arrested, is enough to permit a rational jury to find guilt beyond a reasonable doubt. Gaylor's knowledge of the identify of the substance he sold to Cronin may be inferred from the nature and surroundings of the transaction. Although the indictment charged Gaylor with possessing the shotgun, while agent Cronin testified that Gaylor possessed the rifle, the difference is unimportant. The crime consists in possessing any weapon during and in relation to the offense. It need not be the precise weapon identified in the indictment. United States v. Robison, 904 F.2d 365, 368-69 (6th Cir.1990). The difference is an immaterial variance, not a (forbidden) constructive amendment of the charge.
 
 
 6
 Given the nature of the evidence against Gaylor, it is difficult to conclude that Beck's work at trial, even if sub-par, caused Gaylor legal prejudice. See Strickland v. Washington, 466 U.S. 668 (1984). Ineffective assistance on appeal does not imply ineffective assistance at trial. United States v. Myers, 917 F.2d 1008, 1011 (7th Cir.1990). Gaylor's explanation for his presence and the money in his pocket strains credulity. Crack dealers do not leave customers alone with their arsenals in crack houses, and Gaylor offers no reason for selling a stereo to a crack dealer on credit. Even the best lawyer needs some material to work with. Although we do not exclude the possibility that on a more complete record compiled in proceedings under 28 U.S.C. Sec. 2255 Gaylor might be able to show how a change in tactics might have offered him fair prospect of acquittal, on this record Gaylor has not established prejudice.
 
 
 7
 Gaylor also argues that the cocaine charge is a lesser included offense of the weapons charge, so that the double jeopardy clause bars the cumulative sentence. We rejected this argument in United States v. Powell, 894 F.2d 895, 899-901 (7th Cir.1990). Gaylor's final contention, that the district judge gave an inadequate explanation for the sentence, also is unavailing. The mandatory minimum sentence under Sec. 924(c) needed no explanation (the judge had no alternative), and the court gave a sufficient, albeit brief, reason for choosing 33 months under the guidelines for the sale of cocaine.
 
 
 8
 We thank Richard C. Moenning for taking on this appeal at our request. Despite Mr. Moenning's strenuous efforts to persuade us otherwise, there is no reversible error.
 
 
 9
 AFFIRMED.