Robert E. WILLIAMS,
Plaintiff–Appellant,

v.

William E. LEACH, Star Number 2369, individually and in his official capacity as an Illinois State Police Officer, Officer John Doe, individually and in his official capacity as an Illinois State Police Officer, Officer James Doe, individually and in his official capacity as an Illinois State Police Officer, Defendants–Appellees.

No. 90–1594.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 15, 1991.

Decided July 30, 1991.

Gwendolyn D. Anderson, Anderson & Associates, Chicago, Ill., for plaintiff-appellant.

Bart T. Murphy, Jennifer A. Keller, Asst. Atty. Gen., Office of the Atty. Gen., Civ. Appeals Div., Chicago, Ill., for defendants-appellees.

Before FLAUM, EASTERBROOK and MANION, Circuit Judges.

MANION, Circuit Judge.

Robert Williams appeals the dismissal of his civil rights and tort action against defendant William Leach, a Sergeant with the Illinois Department of State Police. The district court dismissed Williams' suit because his counsel had failed to perfect service of process on Leach within the statutorily designated time period. Also, the district court noted that by the time Williams had filed his complaint, all of the underlying causes of action were time-barred. We have reviewed the record and the law governing this case and conclude that the district court was correct in both its contentions. We therefore affirm the court's decision to dismiss Williams' case.[1]

Williams' problems in litigating what strikes us to have been a meritorious claim center on the performance of his attorney. The record of the case, the pleadings, and the briefs on appeal are a catalogue of his attorney's apparent negligence and disregard for the rules of this court. Following our discussion of the merits, we necessarily address our objections to the attorney's performance and sanctions.

## I. Williams' Appeal

### A. Facts

Since we are reviewing a dismissal by the district court, we will recite the facts as asserted in Williams' complaint. On November 27, 1986, Williams was involved in a traffic accident on a major highway outside Chicago, Illinois. Illinois state police arrived at the scene and found Williams unconscious in his car after having suffered a head trauma. Williams, accompanied by Sergeant Leach, was transferred to a nearby hospital for immediate medical attention.

In the course of investigating the accident, the police checked Williams' driving record and name against computer records and were informed of an outstanding warrant in New York (issued in 1974) for a fugitive by the name of Robert Williams. Upon receiving this information, two unnamed police officers (later defendants) went to the hospital and told Sergeant Leach about the warrant. Leach then entered the examining room and interrupted the medical treatment being administered to Williams (who was now conscious), and arrested him pursuant to the warrant. Before the medical treatment was completed and over the doctor's objections, Williams was taken to an Illinois State Police station. Several hours later, when the police discovered that they had the wrong Robert Williams, and that he was not the fugitive from New York, they released him.

Nearly two years later, on November 25, 1988, Williams filed a four-count complaint in U.S. District Court against Sergeant Leach and two unnamed State policemen. Williams sued under 42 U.S.C. §§ 1981,

---

**1.** Williams named "John Doe" and "James Doe" state police officers as additional defendants in his complaint. However, the record of this case reveals that the Williams never attempted to serve process on them (via the Department of State Police). Williams' case with respect to the unnamed defendants is barred for reasons related to those discussed in this opinion.

1983, and 1985 for the deprivation of his liberty without due process of law in contravention to protections guaranteed by the Fourteenth Amendment to the U.S. Constitution. Also included in his complaint were pendent state law claims for assault, battery, false arrest, and malicious prosecution.

This case was dismissed by the district court on August 16, 1989, pursuant to Leach's motion claiming that Williams had failed to satisfy service of process requirements of Fed.R.Civ.P. 4(j).[2] The district court found that Williams did not effect service of process on Leach until 151 days after filing suit, nor did he establish good cause for his delay in serving process. The court noted that Williams, in his effort to resist Leach's motion to dismiss, argued that the statute of limitations would bar his claim if Leach's Rule 4(j) motion was granted. The court, agreeing with Williams that the statute of limitations operates as a bar to his claim, added:

> Although some may consider this harsh, Congress and the courts have recognized the possibility that a plaintiff's action could be time barred if the statute of limitations runs prior to the court's dismissal under 4(j). *Geiger* [*v. Allen* ], 850 F.2d [330] at 334 [7th Cir.1988]. Such a result does not prevent the operation of Rule 4(j).[3]

Williams did not appeal from this ruling dismissing his case.

One month later, on September 18, 1989, Williams filed a new complaint identical to that dismissed on August 16, 1989. This time Williams attempted to serve the complaint on Leach by mail. Leach's counsel responded to the attempted mail service of process in a letter to Williams' lawyer in-forming her that the attempted mail service did not comply with the requirements under Fed.R.Civ.P. 4(c)(2)(C)(ii).[4] The 120-day statutory period for service of process for the September 18, 1989 complaint expired on January 16, 1990 without Williams and his lawyer ever having attempted to perfect service of process on Leach.

On January 26, 1990 Leach once again filed a Rule 4(j) motion to dismiss Williams' complaint which was granted by the district court on February 21, 1990. The court found that Williams had failed to satisfy the legal requirements for mailing service of process and thus he failed to serve Leach within the statutorily designated time period. Leach's motion also noted that the statutes of limitations on Williams' underlying counts had expired. The court agreed, and dismissed the case with prejudice. This appeal stems exclusively from the February 21, 1990 dismissal of the second filing of Williams' case.

## B. Rule 4(j) Motion

Our review of a district court's dismissal is *de novo*. *Rockford Mutual Insurance Co. v. Amerisure Insurance Co.*, 925 F.2d 193 (7th Cir.1991). As stated earlier, Fed.R.Civ.P. 4(j) compels a plaintiff to serve the complaint upon the defendant within 120 days after filing of the complaint or his case will be dismissed by the court unless the plaintiff can show good cause for any noncompliance. Counsel for Williams attempted to serve Sergeant Leach a copy of the September 18, 1989 complaint via the mail. Federal Rule of Civil Procedure 4(c)(2)(C)(ii) contains specific requirements for successfully executing service of process by the mail. It reads in pertinent part:

---

**2.** Rule 4(j) of the Federal Rules of Civil Procedure states:

(j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

**3.** Judge Charles Norgle's unpublished order of August 16, 1989, p. 6.

**4.** This letter also pointed out to Williams' counsel that according to Judge Norgle's ruling the statute of limitations had run out in the case and that refiling "this case is violative of [Federal] Rule [of Civil Procedure] 11." (Letter from Illinois Attorney General's office (Leach's counsel) to Williams' counsel Gwendolyn Anderson, October 3, 1989.)

A summons and complaint may be served upon a defendant....—

\* \* \* \* \* \*

by mailing a copy of the summons and of the complaint (by first-class mail, postage pre-paid) to the person to be served, together with two copies of a notice and acknowledgment of service ... and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of the rule is received by the sender within 20 days after date of mailing, service of such summons and complaint shall be made under subparagraph (A) [personal service] or (B) [service by a U.S. marshall or court appointee] in the manner prescribed by subdivision (d)(1) or (d)(3).

The parties do not dispute that at the time of the case's dismissal, the statutory 120 day period to serve process had expired. The district court, in its brief order, noted that Williams admitted to "technical defections" from the requirements under Fed.R.Civ.P. 4(c)(2)(C)(ii) for service of process by mail. Evidence in the record reveals that counsel for Williams failed to provide Sergeant Leach with the required notice and acknowledgment of service forms and the required postage paid, self-addressed envelope in which to return the forms. Leach's counsel, the state attorney general, alerted Williams' counsel early on to these deficiencies. At no time prior to the expiration of the statutory 120 day period or before the case's dismissal did Williams' counsel attempt to remedy the deficiencies in the service.

In *Geiger v. Allen,* 850 F.2d 330, 332 n. 3 (7th Cir.1988), this court stated that "[t]he rule in this and other circuits is that service by mail is not complete until an acknowledgment is filed with the court." (citing *Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir.1987)); *Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877 (3d Cir. 1987)). Case law from other circuits holds that the requirements of Rule 4(c)(2)(C)(ii) are to be strictly complied with. *See Gulley v. Mayo Foundation,* 886 F.2d 161, 165–166 (8th Cir.1989); *Young v. Mount*

*Hawley Ins. Co.,* 864 F.2d 81, 82–83 (8th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 281, 107 L.Ed.2d 261 (1989); *Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985).

Williams failed to provide Leach the essential and required items under the rules which permit Leach to acknowledge receipt of the summons and complaint in a legally recognizable way. Given the inadequate manner in which service of process was executed and the fact that no acknowledgment to the suit was ever filed, dismissal of this case is not only permitted, but required by the applicable law. Williams also failed to observe the corollary to Rule 4(c)(2)(C)(ii) service by mail instruction where he neglected to attempt personal service on Leach when no acknowledgment was received 20 days after service of process was mailed. For all the foregoing reasons coupled with the fact that Williams never advanced a "good cause" for the deficiencies and delays in service of process, we affirm the district court's decision to dismiss Williams' case.

## C. *Statute of Limitations*

██ The district court in its February 21, 1990 order, issued alternative grounds for its dismissal of Williams' claim. It said: "As set forth in the August 16, 1989 order ... the statutes of limitations for plaintiff's claims have expired." Williams in his brief fails to argue with the court's holding that the statute of limitations has run out on his claims. By failing to raise the issue concerning the timeliness of his claims, Williams has waived the issue on appeal. Fed.R.App.P. 28(a)(4); *Sere v. Board of Trustees of Univ. of Illinois,* 852 F.2d 285, 287 & n. 3 (7th Cir.1988). Williams was aware that his case was plagued with a statute of limitations problem. We find it peculiar that he did not contest such an obvious and important impediment to his claim, and a basis for the dismissal by the lower court. Prior to the August 16, 1989 disposition of this dispute, Williams, defending against the initial suit's dismissal, argued that dismissal would be prejudicial to him since his claims

would be time-barred if he had to refile his action.[5] The district court in its order announced: "This does not weigh in the plaintiff's favor as plaintiff's counsel has brought this prejudicial impact upon herself [by filing the complaint two days before statute of limitations expired and failing to serve process in a timely manner without "good cause" for delay]."[6] The district court's resolution of the statute of limitations issue in this case is affirmed.

## II. Attorney Sanctions

■ Mr. Williams allegedly suffered threatening injury in a car accident, was denied proper medical treatment by the police, and had his liberty taken and imperiled by a case of mistaken identity. Now, his ability to seek compensation from the police for their claimed violations is ended because his attorney, Gwendolyn Anderson, failed to obtain proper service on defendants and failed to appeal or file a subsequent claim within the statutory time limits. The record of this case and the brief on appeal exhibit Anderson's inability to promote and defend the interest of her client. In addition to disadvantaging her client with her procedural failures, Anderson exacerbated her problems in this case by failing to abide by this court's rules and pronouncements in "litigating" the claim. Since the representation Anderson provided Williams falls below the professional norms, we impose sanctions on Anderson pursuant to Rules 38 and 46 of the Federal Rules of Appellate Procedure.

Anderson's brief to this court not only contains numerous violations of our rules, but also fails to address the legal issues surrounding the district court's holding of February 21, 1990, the only decision under review. In the "Statement of Facts" section in her brief Anderson ignores Rule 28(d)(2) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit which states: "No fact shall be stated in the statement of facts unless it is supported by a reference to the page or pages of the record or the appendix where the fact appears." None of the "facts" cited by Anderson contains the necessary page citation, making the process of verifying her claims immensely time-consuming.

■ Additionally, Anderson recites "facts" in her "Statement of Facts" which have no foundation in the record at all. Three examples are salient. At page 5 of her brief, Anderson states that two private detectives were hired to serve Sergeant Leach with process relating to the earlier November 25, 1988 complaint. Aside from the fact that matters surrounding the service and dismissal of the first complaint are not on appeal, the record refers to only one investigator having been assigned. Furthermore, Anderson claims to have "requested leave to amend to perfect service" from the district court prior to the August 16, 1989 dismissal of the November 25, 1988 complaint. (Appellant Br. at 5.) The record contains no evidence of such a request. In fact, the district court in its August 16, 1989 opinion took vigorous exception to this contention, "[T]his court has scrutinized both the court file and the docket sheet of this action and has failed to find any evidence ... that [Williams] moved for, much less was granted an extension [of time to effectuate service]." Finally, on page 7 of her brief, Anderson, still doggedly attempting to demonstrate the extent of her earlier failed effort to serve Sergeant Leach, claims that she attempted to serve process on Leach by mail in the initial complaint. Again, there is no evidence of this event in the record. This court is concerned with whether the preceding unsubstantiated factual claims found in Anderson's brief are the product of the attorney's carelessness or her attempt to purposely mislead the court. Nevertheless, the foregoing is a series of conspicuous violations of Seventh Cir.R. 28(d)(2) which requires the attorney to cite facts supported by the record. Of course, Anderson's unsubstantiated "factual" claims relate to events surrounding the first dismissal of Williams' action (which

---

**5.** Judge Norgle's unpublished order of August 16, 1989, pp. 5–6.

**6.** *Id.*

Anderson did not appeal) and are thus only tangentially significant to the present appeal.[7]

Anderson's brief on this appeal should have concerned itself with the grounds for the second dismissal of Williams' claim as expressed by the district court's February 21, 1990 order; namely whether service of process had been executed properly pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), and whether Williams' claim was time-barred. Perhaps recognizing that any objection to the substance of the court's holding would be futile, Anderson's brief saw fit to ignore both grounds of the district court's holding. Instead she submitted a brief concerning (a) the district court's failure to favorably rule on a motion that was never filed, and (b) the irrelevant history of her first attempt to serve process on Leach in the initial complaint.

■ Under the "Issues Presented for Review" section of her brief, Anderson presents as the first of two issues: "[w]hether the trial court abused its discretion by failing to grant plaintiff's motion for leave to amend service of process pursuant to F[ed.]R C[iv.]P 4(h) . . ." (Appellant Br. at 2, capitalization omitted). Astonishingly, in the section of the brief purportedly discussing this issue, Anderson fails to mention the filing of any 4(h) motion, the court's denial of such a motion or, why such a denial was erroneous. One reason for this omission, as the record suggests, is that no 4(h) motion was ever filed.[8] This section (as well as the remain-

der) of the brief was completely unresponsive and irrelevant to the issues under appeal. The only point the brief makes is that Leach was generally aware that Williams wanted to sue him. This is legally insufficient. What the rules of service of process try to establish is a mechanism for bringing notice of the commencement of an action to defendant's attention and to provide a method that marks the court's assertion of jurisdiction over the lawsuit. The method involves the formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722 (1988). "The legal sufficiency of a formal delivery of documents must be measured against some standard." *Id.* That standard is Fed.R.Civ.P. 4. *See* 4 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1063, p. 225. For whatever reason Anderson failed to follow the rule, and the district court had no jurisdiction because the record contained no notice that Leach had been served. Anderson's brief never attempts to deal with pertinent legal issues related to Rule 4 and the relevant statutes of limitations which are the focus of the district court's dismissal order and defendant Leach's brief. Instead, her brief is a tiring series of unsupported excuses for her lack of diligence in serving Sergeant Leach and observing time constraints.

Federal Rule of Appellate Procedure 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may

---

7. Part of the problem seems to be that Anderson is confused (or perhaps is attempting to confuse us) about which order is presently on appeal. In her brief, she seems unnecessarily concerned with arguing the facts and issues surrounding the first dismissal when clearly only the later one is under appeal. The record of the case, which Anderson provided us, is exclusively concerned with the proceedings pursuant to Williams' second complaint of September 18, 1989. Naturally, this record will reveal and support certain facts and events relating to the first complaint. Yet, despite her apparent confusion concerning the order and issues on appeal, she is still limited to arguing from facts that constitute the official record which she provided to us. She has failed to observe this requirement and instead states "facts" conve-

nient to her present embarrassing situation. This attitude is unacceptable.

8. Even if Williams had moved to amend under Rule 4(h), such relief would not have been available because the "defect" Anderson sought to amend was an effort to gain an unauthorized time extension for service of process and not a technical correction to the "process or proof of service." Rule 4(h) states:

At any time in its discretion and upon such terms as it deems just, the court may allow any *process or proof of service* thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

award just damages and single or double costs to the appellee." In order to award Rule 38 sanctions, we must make two determinations: (1) is the appeal frivolous and (2) are sanctions appropriate. *Hartz v. Friedman*, 919 F.2d 469, 475 (7th Cir.1990); *Mays v. Chicago Sun–Times*, 865 F.2d 134, 138 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 259, 107 L.Ed.2d 209 (1989). An appeal is frivolous when the "result is fore-ordained by the lack of substance to the appellant's arguments." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir.1989) (en banc). The district court in its February 21, 1990 opinion clearly expressed its conclusion that Williams' "attempt at mail service was ineffective for failure to comply with Rule 4(c)(2)(C)(ii)." The court added "[P]laintiff *admits* to 'technical defections' in mail service." Moreover, the court held, "as set forth in the [earlier] August 16, 1989 order and in [Leach's] Memoranda, the statutes of limitations for plaintiff's claims have expired." Anderson made no attempt in her brief to refute the district court's holding and made no effort to explain why the district court's holding was otherwise erroneous. In addition to admitting to 'technical defections' in service, she had also conceded the statute of limitations issue in the first disposition of this case. The conclusiveness of the issues in this case, based on the facts and on Anderson's admissions, renders the result of this appeal "fore-ordained."

Thus, the appeal is frivolous. Sanctions are appropriate if "the appeal was prosecuted with no reasonable expectations of altering the district court's judgment and for purposes of delay, harassment or sheer obstinacy." *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir.1983). Anderson could have had no reasonable expectation of altering the district court's judgment in light of the unresponsiveness and irrelevance of her arguments. Anderson failed to argue the legal issues established in the district court's opinion. Her unverifiable excuses for failing to satisfy the convenient service of process rules are unconvincing and do not rise to the level of "good cause." Attorney Anderson's performance falls short of the level of profes-sionalism demanded by this court and by her client. Anderson's continuing hope was that our sympathy for the abuse her client encountered would compel us to give him his day in court and excuse her failure to observe the legal requirements of service of process and the applicable statutes of limitations. Her client has our sympathy, but that will not override the Federal Rules of Procedure.

Because the appeal was frivolous, damages and costs are appropriate under Fed. R.App.P. 38. Leach, as a state employee sued in the scope of his employment, was defended by the Illinois Attorney General's office. We impose upon Anderson a penalty equal to double the Attorney General's approved costs payable to the Illinois Attorney General's office. The Attorney General's office shall submit to the clerk of this court within 15 days of the date of this decision a bill of costs incurred in defending this appeal. In addition, the Illinois Attorney General's office may submit within 15 days of the date of this decision an itemization of any damages (to include "attorney fees") incurred in the preparation and defense of this appeal. Anderson shall have 15 days to object to any calculations in the submissions on costs and damages.

■ Federal Rule of Appellate Procedure 46(c) permits this court to "take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with [the Federal Rules of Appellate Procedure] or any rule of the court." Such discipline, under this rule, shall be preceded by "reasonable notice and an opportunity to show cause to the contrary and ... a hearing, if requested...."

Pursuant to Rule 46(c), this court proposes a disciplinary fine against Attorney Anderson of one thousand dollars ($1,000) for her carelessness in representing her client and her failure to follow the rules of this court. Attorney Anderson shall have 15 days from the date of this decision to file a response showing cause to the contrary concerning the basis and imposition of the $1,000 fine. Any response should

indicate whether Anderson requests a hearing under the terms of Fed.R.App.P. 46(c). The damages, costs and fines imposed are to be borne by Attorney Anderson, not her client.

Rule 46 also allows for an attorney's suspension from practice before this court. *See In the Matter of John Millard Beck,* 902 F.2d 5 (7th Cir.1990). While counsel's representation was certainly deficient, and while she would be well advised to seriously consider whether she should practice in this circuit without additional instruction or assistance in federal court procedures, we do not believe we should address her conduct with suspension. This does not appear to be a case of fraud on the court. Giving her the benefit of the doubt, we believe her misrepresentations are not intentionally deceptive. We will not exercise our suspension powers under Rule 46 but instead will leave it to her state bar for any further determination of her general competence to practice.

The judgment is affirmed.

AFFIRMED.