972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert B. JONES, Plaintiff-Appellant,
v.
CONTINENTAL BONDWARE, Defendant-Appellee.
 No. 90-3768.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.*
Decided Aug. 10, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Jones initiated this suit alleging that the defendant, Continental Bondware, terminated his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. A full bench trial was conducted before a magistrate judge who recommended granting judgment to the defendant. Specifically, the magistrate found that while Jones established a prima facie case of racial discrimination, he was unable to rebut the legitimate non-discriminatory reasons presented by his former employers justifying his firing. The district court adopted the findings of fact and conclusions of law entered by the magistrate and granted judgment to the defendant.[1]
 
 
 2
 Jones' pro se brief on appeal is nearly incomprehensible. He erroneously contends that the case was decided on a motion for summary judgment, refusing to recognize that he received a full bench trial before the magistrate judge. Further, two of the issues he raises on appeal, concerning breach of contract and retaliatory firing, were not addressed below and, therefore, cannot be raised on appeal.
 
 
 3
 We can glean only two possible challenges raised by Jones in his brief. He complains that certain witnesses committed perjury and challenges some of the documentary evidence submitted at the bench trial. In short, Jones challenges the weight and credibility of the evidence. These determinations are best left to the trier of fact, and we will reverse these findings only in they are clearly erroneous. Beasley v. Health Care Service Corp., 940 F.2d 1085 at 1088 (7th Cir.1991). Our review of the record leads us to conclude that the magistrate judge carefully reviewed the evidence before her. We find no clear error in the magistrate's recommendation, nor in the district court's decision to adopt the magistrate's thorough findings of fact and conclusions of law.
 
 
 4
 Jones cites no case law, nor does he make any references to the record. This brief clearly does not meet the requirements of Fed.R.App.P. 28. The defendant requests that we award sanctions under Fed.R.App.P. 38 for the filing of this appeal, which is claimed to be patently frivolous.[2] This court must satisfy itself that two grounds are met before awarding Rule 38 sanctions: "(1) the appeal is frivolous and (2) sanctions are appropriate." A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406 (7th Cir.1992).
 
 
 5
 The trial court found that Jones did establish a prima facie case of race discrimination, but was unable to rebut the legitimate non-discriminatory reason supplied by the employer. While Jones maintained very little likelihood of success on appeal given the standard of review and the state of his brief, we conclude that his appeal was not frivolous and that sanctions are not appropriate. In addition, it is evident from a review of Jones' brief and other filings both in this court and district court, that he does not maintain a clear understanding of the legal process. Thus, his clearly inadequate brief does not evince an intent to bypass appellate rules or an indifference to appellate standards. Further, in his order adopting the magistrate's recommendation, Judge Moran noted: "We have no doubt that plaintiff believes that he was unfairly treated and that race was a factor." This characterization demonstrates that Jones harbored no malicious or vexatious intent in prosecuting his case, and there is no evidence of bad intent in bringing this appeal. Jones did not bring this appeal only for "purposes of delay, harassment or sheer obstinacy." Id. (quoting Williams v. Leach, 938 F.2d 769, 775 (7th Cir.1991)). He only sought, in a rather futile attempt, to vindicate what he perceived to be a violation of his rights.
 
 
 6
 For the foregoing reasons, the decision of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The defendant filed two motions to dismiss this appeal, arguing that Jones waived his right to appeal by not filing objections to the magistrate's proposed findings of facts and conclusions of law within ten days of the issuance of the report. See Thomas v. Arn, 474 U.S. 140 (1985); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986). In their brief to this court, they renew their objection to this court's jurisdiction. Instead of filing objections to the report, Jones filed a notice of appeal before final judgment was entered. Jones voluntarily dismissed the appeal, our docket number 90-2272, pursuant to Fed.R.App.P. 42(b). The district court then granted Jones leave to file his objections to the magistrate's recommendation. Our review of the record leads us to conclude that Jones' notice of appeal should be construed as his objections to the report, a conclusion apparently also reached by the district court judge
 
 
 [2]
 After Jones filed his appellate brief, the respondent brought an emergency motion to dismiss claiming that Jones' appeal was frivolous. We denied this motion