972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isaac ROBY, Jr., Plaintiff-Appellant,
v.
George SKUPIEN, Defendant-Appellee.
 No. 91-2086.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided July 24, 1992.
Rehearing and Rehearing En Banc
Denied Aug. 19, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Isaac Roby, Jr. brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by George Skupien, a police officer employed by the Consolidated Rail Corporation. In denying Skupien's motion for summary judgment, the district court suggested that some of Roby's claims had potential merit. Later, however, the court dismissed the case, which it characterized as a sham lawsuit brought in bad faith. Roby appeals from that decision, but offers no argument in his brief explaining why this court should reverse the district court. Since he only reiterates the claims enumerated in his complaint, we dismiss his appeal.
 
 
 2
 One count of the complaint alleged that Chicago police officers entered Roby's home on May 24, 1990 after receiving a tip from Skupien that Roby had stolen property belonging to the railroad. Roby further claimed that Skupien later identified him at the police station in a suggestive pretrial show-up. The second count of the complaint alleged that similar events took place on June 21, 1990. The occurrences on these two days, according to Roby, violated his rights under the First and Fourteenth Amendments of the United States Constitution. After initially denying both Skupien's motion to dismiss and Roby's "Motion for Judgment", the district court later found the complaint frivolous and dismissed the case sua sponte. E.g. Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th Cir.1979); Ramsey v. United States, 448 F.Supp. 1264, 1276 (N.D.Ill.1978); cf. Free v. United States, 879 F.2d 1535, 1536 (7th Cir.1989).
 
 
 3
 Some time after filing his complaint, Roby attempted to recover attorney's fees. The district court denied the request because Roby himself was the attorney of record, but Roby continued to pursue attorney's fees by seeking to enlist the services of a lawyer. In a letter requesting services (to whom it is not clear), Roby wrote:
 
 
 4
 Here's the play, I sued Conrail for 25 million dollars, I asked for the attorney fees, [sic] so they couldn't catch me up in "22", all I need for you to do for me is to step-up and say that you are the attorney of record, and file for my attorney fee's [sic], I'll share it with you, I'm going to file for two & a half million in attorney's fees [sic]....
 
 
 5
 Record (hereinafter R.), filed May 23, 1991, at 32. Finding this suggestion inappropriate, the district court declared the suit a scam effort to reap a windfall. The court, concluding that Roby had brought his lawsuit in bad faith, dismissed the case.
 
 
 6
 As a preliminary matter, we note that we have jurisdiction to consider this appeal, notwithstanding Skupien's suggestion to the contrary.[1] The inadequacies of Roby's brief leave us with little choice but to dismiss his appeal nevertheless. An appeal may be dismissed as frivolous (and sanctions may be appropriate as well) when it is "mere repetition" of the complaint. Mestayer v. Wisc. Physicians Serv. Ins. Corp., 905 F.2d 1077, 1081 (7th Cir.1990). See also Williams v. Leach, 938 F.2d 769, 775 (7th Cir.1991); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989).
 
 
 7
 Roby does not contest the district court's account of his attempt to procure legal representation. Nor does he explain why he thought he might be entitled to attorneys' fees. He does not reveal why he emphasized the pecuniary nature of his suit in his letter requesting the services of an attorney. An innocent construction is plausible,[2] but Roby fails to elaborate on that possibility. Needless to say, he advances no arguments suggesting that the district court's decision was either erroneous or an abuse of discretion. Citation to authorities is absent. In short, he presents nothing in his brief but a repetition of the allegations stated in the complaint. Without anything more, we cannot consider his appeal for there is nothing to consider. Williams, 938 F.2d at 775. "A brief ... that fails to clearly and cogently present arguments for overturning the district court decision is of little or no help to this court and causes us to doubt whether the appellant prosecuted the appeal with any reasonable expectation of altering the judgment of the district court." Spiegel v. Continental Ill. Nat'l Bank, 790 F.2d 638, 650 (7th Cir.), cert. denied, 479 U.S. 987 (1986); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 111 S.Ct. 69 (1990); Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (1989); Fed.R.App.P. 28(a)(4).
 
 
 8
 We realize that we cannot expect a pro se litigant like Roby to present an argument with the same proficiency as a licensed attorney. Haines v. Kerner, 404 U.S. 519 (1972). For that reason we liberally construe appeals by pro se litigants as a matter of course. Be that as it may, this court is not additionally obligated to devise arguments for a party who neglects to do so himself. "We must evaluate the arguments that the appellants actually made, and not the arguments they could have made." Hartz v. Friedman, 919 F.2d 469, 475 (7th Cir.1990). When a pro se litigant's brief contains no identifiable argument, the court may dismiss the appeal. McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir.1984). Because Roby's brief is of this nature, we DISMISS this appeal.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 We recognize that Roby's pro se notice of appeal fails to comply with the strictures of Federal Rules of Appellate Procedure 3(c). See R. 3. Still, Roby's handwritten notice fairly implied his intent to appeal the judgment of the district court, and any of its shortcomings have neither mislead nor prejudiced Skupien. The rule in this circuit requires "punctilious, literal and exact compliance" with Rule 3(c). Allen Archery, Inc. v. Precision Shooting Equip., Inc., 857 F.2d 1176, 1177 (7th Cir.1988); see also Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988). Nevertheless, only in the case "where the notice of appeal as a whole is ambiguous [has it] failed to specify the party or parties taking the appeal as required by rule 3(c)." Hartford Casualty Ins. Co. v. Borg-Warner Corp., 913 F.2d 419, 423 (7th Cir.1990). Roby's filing, while unorthodox, is not nearly so ambiguous as to warrant dismissal of the case for lack of jurisdiction
 
 
 [2]
 The record sheds some light on this matter, but not much. In response to the dismissal, Roby claims that he wrote the letter as he did to receive prompt attention from a lawyer. "Plaintiff did seek services of attorney [sic], after writing to hundreds of law firms for assistance in the above cause your plaintiff apologizes to this court if in plaintiff's way of trying to get legal assistance irrated [sic] this honorable court. Plaintiff used what plaintiff thought would attract attention to the plaintiff's cause, again the plaintiff most humblely [sic] apologizes to this honorable court. Plaintiff's suit is not a sham. As this honorable court claims real issues are definitely here at hand...." R. 34. Nothing in the record confirms whether Roby did in fact attempt to contact "hundreds" of lawyers. Nor is there any indication that he ever sought to have the district court or the court of appeals appoint counsel