979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward GAVIN, Plaintiff-Appellant,
v.
Dr. DUNN, et al.,** Defendants-Appellees.
 No. 91-2566.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 19, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward Gavin, an Illinois state prisoner, filed this civil rights action to complain about three disciplinary proceedings brought against him while he was incarcerated at the Illinois River Correctional Center. The district judge dismissed the action after concluding that it failed to state a claim for relief, and Gavin appealed. We affirm.
 
 
 2
 Gavin contends that the disciplinary proceedings violated his Fourteenth Amendment right to due process because he was found guilty on three separate occasions of engaging in sexual misconduct with female employees at the Center though his conduct was at all times innocent. This contention lacks merit. Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985), teaches that if "some" evidence supports the findings of guilt by an adjustment committee, then the requirements of due process are met. Determining whether this standard is satisfied does not require examining the entire record, independently assessing the credibility of witnesses, nor weighing the evidence. Id. at 455. Rather, the relevant inquiry is whether there is any evidence to support the disciplinary decisions of the adjustment committee. Id.
 
 
 3
 In this case, some evidence existed to support the prison adjustment committee's findings of Gavin's guilt. There were the incident reports submitted by the complaining witnesses, as well as Gavin's own version of the three incidents. The committee members simply chose to believe the incident reports and disbelieve Gavin. This they were entitled to do. Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987).
 
 
 4
 Gavin also contends that his move from the prison's health unit to the segregation unit violated his Eighth Amendment right to adequate medical care. However, he failed to set forth facts indicating that he had a "serious" medical need precluding his removal from the health unit or that the move caused him any harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 5
 Gavin's contentions about Dr. Woellert breaching the doctor-patient privilege and about taking a lie detector test were raised for the first time on appeal, and therefore are waived. Saenz v. Young, 811 F.2d 1172, 1173 (7th Cir.1987). His contention about having a First Amendment right to scratch himself is frivolous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Dr. Dunn, Mary McAllister and J. Winner were never served with the complaint, as required by Fed.R.Civ.P. 4(j), and therefore they never became a party to this case. Williams v. Leach, 938 F.2d 769, 771-72 (7th Cir.1991)