**Orville MILLER, Petitioner–Appellant,**

v.

**Ronald MATRISCIANO, Respondent–Appellee.**

**No. 00–4149.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.[*]

Decided Dec. 13, 2001.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 3011. James B. Moran, Judge.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**644**

## ORDER

In 1979 an Illinois state court convicted Orville Miller of attempted murder and aggravated battery and sentenced him to 60 years' imprisonment. After the state court affirmed his conviction on direct appeal and denied his petition for post-conviction relief, Miller filed a petition for habeas corpus in federal district court. He claimed, among other things, that he was denied a fair trial when 1) the prosecutor referred to his gang association; 2) the prosecutor alluded to his co-defendants' trial and convictions for the same offenses; 3) the prosecutor, during closing argument, accused the defense of intimidating witnesses and presenting false evidence; and 4) the trial judge excluded proposed impeachment testimony regarding the victim. The district court denied Miller's petition for habeas corpus relief, but granted a certificate of appealability on these four issues.

The district court reviewed each of these four claims on the merits and determined that nothing in the state court's analysis constituted an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). On appeal Miller neither addresses the district court's reasoning, nor cites any clearly established federal law in conflict with the state court's resolution of his claims. Although we construe *pro se* filings liberally, *Whitford v. Boglino,* 63 F.3d 527, 535 n. 10 (7th Cir.1995), we cannot cure the substantial deficiencies in Miller's brief by creating legal arguments and researching them for him, *see Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). Miller's failure to argue the legal issues established in the district court's order gives him no reasonable expectation of altering the judgment of the district court. *Cf. Williams v. Leach,* 938 F.2d

769, 775 (7th Cir.1991). Accordingly, we AFFIRM.