**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lovetta CLARK, Defendant–Appellant.**

**No. 90–8752.**

United States Court of Appeals, Eleventh Circuit.

Sept. 26, 1991.

James W. Bradley, Jonesboro, Ga., for Clark.

## 804

R.C. Cougill, Lilburn, Ga., for Allen.

Thomas E. Spraley, Atlanta, Ga., for Collins.

James T. Martin, Asst. U.S. Atty., Atlanta, Ga., for U.S.

Before HATCHETT and DUBINA, Circuit Judges, and TUTTLE, Senior Circuit Judge.

BY THE COURT:

James W. Bradley, as appellate counsel for appellant, Lovetta Clark, has requested leave to withdraw as counsel on the ground that the appeal is without merit and wholly frivolous. Counsel has also filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), listing points which might arguably support an appeal.

In his brief, appellate counsel states that he reviewed the record, including the trial transcript, and communicated with trial counsel, before concluding that there is no meritorious argument to support the contention that the district court committed reversible error. The record now before this Court, however, does not include a transcript of: (1) the *voir dire* proceeding on April 9, 1990; (2) the trial proceedings on April 20, 1990; and (3) the sentencing proceedings on April 20, 1990. Any representation that counsel conducted a review of the *entire* record, therefore, appears to be incorrect. Moreover, because the complete record is not before or available to this Court, we cannot make "the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988) (*quoting McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988)).

Because counsel did not fulfill the first requirement of *Anders*, *i.e.*, a "conscientious examination" of the *entire* record below, his request for leave to withdraw is hereby DENIED. The denial of this mo-

tion is without prejudice to the making of a further motion to withdraw should counsel conclude, after completion and review of the record, that Clark's appeal is genuinely frivolous. Should counsel file such a motion, he is directed to include the supplementary material referred to above as part of the record on appeal.

Clark's motion "to disregard brief ...," and her request for appointment of substitute counsel, will be held in abeyance pending counsel's compliance with this order.

IT IS SO ORDERED.