**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Omar De Jesus OSORIO–CADAVID, Defendant–Appellant.**

No. 88–5284
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 11, 1992.

Maria Brea–Lipinski, Brea & Lipinski, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., David Lichter, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and ANDERSON, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Omar de Jesus Osorio–Cadavid appeals from his convictions of importing over 500 grams of cocaine into the United States and of possessing with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 952(a) and 841(a)(1). Osorio–Cadavid's appointed counsel for this appeal, who did not represent Osorio–Cadavid at trial, filed a motion to withdraw and a brief

pursuant to *Anders v. California,*[1] arguing that "the appeal is without merit and is wholly frivolous." This court, in a previous non-published opinion dated October 2, 1989, denied counsel's motion to withdraw because the record did not contain the opening statements, closing arguments, or the district court's oral instructions to the jury and, therefore, this court could not accept counsel's representation that there was no appealable issue in those proceedings. This court remanded this case to the district court for the limited purpose of reconstructing, if possible, the omitted proceedings. The court also ordered Osorio–Cadavid's counsel to file a supplemental brief if the district court was able to reconstruct the omitted portions of the record.

On remand, the district court issued an order noting that the omitted proceedings were recorded but were never ordered to be transcribed. The court ordered that supplemental transcripts of the proceedings be forwarded to this court. The transcripts of opening and closing arguments and the district court's instructions to the jury are now a part of the record.

Osorio–Cadavid's appellate counsel has now filed a second motion to withdraw and a second brief pursuant to *Anders.* Counsel asserts that she has read the supplemental transcripts and argues that the appeal "is without merit and is frivolous."

Prior to issuing our previous opinion in this case, we conducted an independent review of the record then before us, which included transcripts of the presentation of evidence and the sentencing. We concluded that this review failed to reveal any issue of arguable merit. Accordingly, this court now need only review the proceedings that were previously omitted from the record, specifically, opening and closing arguments and the district court's instructions to the jury. Osorio–Cadavid's counsel has not identified any possible appealable error in the previously omitted proceed-

ings, and our own independent review of these proceedings fails to reveal any issue of arguable merit. Thus, the record, which is now complete, reveals no errors upon which to base an appeal.

The parties have filed a joint motion to amend or clarify this court's previous opinion. As the parties point out, we issued the previous opinion under the mistaken impression that the opening and closing arguments and the district court's instructions to the jury in this case had not been transcribed because they had not been recorded. In fact, those proceedings had been recorded, and, therefore, there was no violation of the Court Reporter's Act, 28 U.S.C. § 753(b). Those proceedings had not been transcribed, however, because Osorio–Cadavid's appellate counsel had not requested their transcription. As the parties note in their joint motion, "Appellant's appellate counsel conferred with appellant's trial counsel, and based on this conversation, concluded that the transcripts of the opening statement, jury instructions and closing arguments were unnecessary in the preparation of appellant's appeal."

The Supreme Court has held that an indigent defendant who is represented by new counsel on appeal is entitled to a transcript of his entire trial.[2] The Court based this holding upon its determination that the new counsel could not faithfully discharge the obligations that the court had placed on him or her unless he or she could read the entire transcript.[3] As the Former Fifth Circuit said:

> The [Supreme] Court stressed that the duty of representation of an appellate lawyer included the duty to search out plain error, and that nothing less than a complete transcript would suffice to accomplish this.[4]

Moreover, as this court recently reaffirmed, the first requirement of *Anders*

---

**1.** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**2.** *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964).

**3.** *Id.* at 280, 84 S.Ct. at 426–27.

**4.** *United States v. Gregory,* 472 F.2d 484, 486 (5th Cir.1973).

is "a conscientious examination [by counsel] of the *entire* record below...."[5]

In this case, Osorio–Cadavid's counsel did not discharge her obligations as new, appellate counsel prior to filing her first *Anders* brief. She was obligated to review the entire transcript for plain error. She could not have discharged this obligation because she failed to obtain the authorization necessary to have the opening and closing arguments and the district court's instructions to the jury transcribed. Her conversation with the trial attorney regarding these proceedings did not constitute a sufficient search for plain error. The transcripts of these proceedings are now a part of the record, however, and counsel has represented that she has reviewed these transcripts and finds no appealable issues. Thus, counsel has now fulfilled her obligations.

Accordingly, counsel's motion to withdraw is GRANTED, and Osorio–Cadavid's convictions and sentence are AFFIRMED.

**5.** *United States v. Clark,* 944 F.2d 803, 804 (11th Cir.1991).