9 F.3d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo ESPINOZA-GOMEZ, Defendant-Appellant.
 No. 92-2754.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1993.[1]
Decided Nov. 16, 1993.
 
 Before POSNER, Chief Judge, RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Appointed counsel for Alfredo Espinoza-Gomez filed a motion pursuant to Circuit Rule 51(a) to withdraw as counsel. The motion and the supporting brief filed in accordance with Anders v. California, 386 U.S. 738 (1967), claims that the issues on appeal are without merit. The court notified Espinoza-Gomez of his attorney's motion, and he has responded that he was denied effective assistance of counsel. We must be satisfied that counsel diligently and thoroughly searched the record for any viable claim and then determine whether counsel correctly concluded that an appeal would be frivolous. McCoy v. Court of Appeals of Wisc., 486 U.S. 429, 442 (1988); United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 
 2
 Espinoza-Gomez entered a plea of guilty to conspiracy to distribute cocaine (21 U.S.C. § 846) and possession of a firearm in relation to a drug trafficking offense (21 U.S.C. 841(a)(1)). He was sentenced to ten years in prison. On appeal, counsel (who also represented defendant before the district court) identified ineffective assistance of counsel as the only possible issue for appeal. He points to the question of whether an entrapment defense could have been raised. In order to prove ineffective assistance of counsel, Espinoza-Gomez must show that trial counsel's performance was deficient, Strickland v. Washington, 466 U.S. 668, 687 (1984), and that this deficiency prejudiced him by causing an unreliable result at trial or a fundamentally unfair proceeding. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). The record here does not reveal any facts that would support an entrapment defense, which requires proof of government inducement and the defendant's lack of predisposition to engage in criminal conduct. Jacobson v. United States, 112 S.Ct. 1535 (1992); Mathews v. United States, 485 U.S. 58 (1988).
 
 
 3
 Espinoza-Gomez, a tavern owner, was asked by a customer (who was under surveillance by the DEA) whether he could obtain cocaine for a friend (who later proved to be a DEA confidential informant). After negotiations, Espinoza-Gomez agreed to provide three kilograms of cocaine. On the day of the sale, Espinoza-Gomez drove his car to the agreed meeting place. In the car with Espinoza-Gomez were the tavern customer, the confidential informant, three kilos of cocaine, and a gun. There, they met undercover DEA Agent Tovar. Espinoza-Gomez stood by the trunk of his car, showed the cocaine to Tovar, and asked for the money. He was then arrested.
 
 
 4
 In Espinoza-Gomez's written version of the offense submitted to the district court, he maintains that his customer "pestered" him repeatedly, until he finally gave in and attempted to purchase cocaine for him. "Pestering" does not rise to the level of entrapment. United States v. Blackman, 950 F.2d 420 (7th Cir.1991) (rejecting defendant's argument that a government informant hounded him until defendant finally agreed to buy drugs for the informant; mere solicitation by government agent is not sufficient to establish entrapment); United States v. Garcia, 562 F.2d 411 (7th Cir.1977) (informant pestering defendant until he agreed to buy drugs; jury entitled to find no entrapment).
 
 
 5
 Moreover, according to Espinoza-Gomez's written version of the offense, it was not a government agent who induced the crime. Instead, it was the "customer at the tavern [who] pestered him repeatedly, continually asking whether [Espinoza-Gomez] knew anybody from whom cocaine could be purchased." The customer was not a confidential informant. See Sherman v. United States, 356 U.S. 369, 376 (1958) (a confidential informant is an agent for the government for entrapment purposes); United States v. Groll, 992 F.2d 755 (7th Cir.1993) (same). A defense of entrapment would not lie here where Espinoza-Gomez essentially maintains that a government informant induced his customer to then induce him to sell cocaine. See United States v. Mahkimetas, 991 F.2d 379 (7th Cir.1993) (no basis for entrapment jury instruction where defendant argued that government agent used defendant's mother to set him up, and that he would not have distributed cocaine if his mother had not asked him to do so); United States v. Manzella, 791 F.2d 1263, 1269 (7th Cir.1986) (no basis for entrapment instruction where government agent induced third party to sell cocaine, and then third party induced defendant to help him).[2] It was simply Espinoza-Gomez' bad luck that the pestering customer happened to be under surveillance by the DEA. Significantly, the nature of the negotiations and the manner in which the sale was arranged and carried out also indicated that Espinoza-Gomez was predisposed to commit the crimes with which he was charged. See United States v. Hollingsworth, Nos. 92-2399, 92-2483, 92-2694, 92-2695, slip op. at 8-10, 13 (7th Cir. Oct. 29, 1993) (defining "predisposed" and stating that "[o]ne who sells drugs to or buys drugs from a government informant or undercover agent has by that very act demonstrated his ability to commit the crime").
 
 
 6
 Espinoza-Gomez is unable to meet either the performance or the prejudice prong of the Strickland test. Moreover, after our review of the record, we conclude that there are no "legal points arguable on their merits (and therefore not frivolous)." Anders, 386 U.S. at 744. Thus, we grant counsel's motion to withdraw.
 
 
 7
 Finally, Espinoza-Gomez has requested the appointment of new appellate counsel. This case thus presents a not totally uncommon situation where, on direct appeal, trial counsel (who is now appellate counsel) informs the court that the only possible argument on appeal would be ineffective assistance of trial counsel. Should we always appoint new counsel in such a case? We think not.
 
 
 8
 The right to counsel is one of the most fundamental of rights. "[L]awyers in criminal courts are necessities, not luxuries." Gideon v. Wainwright, 372 U.S. 335, 344 (1963). It is "through counsel that all other rights of the accused are protected." Penson v. Ohio, 109 S.Ct. 346, 352 (1988). Anders establishes that a criminal appellant may not be denied representation on appeal based on appointed counsel's bare assertion that she believes there is no merit to the appeal. Certain safeguards ensure fair representation prior to the court's permitting counsel to withdraw. Counsel must first conduct a conscientious examination of the case. Anders, 386 U.S. at 744. If counsel finds that an appeal would be frivolous, counsel must submit a brief referring to anything in the record that "might arguably support the appeal." Id. Anders also provides the vital safeguard that the appellate court must conduct its own "full examination of all the proceeding[s] to decide whether the case is wholly frivolous." Anders, 386 U.S. at 744. The Anders brief continues to serve the function of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." Penson, 109 S.Ct. at 350. If the appellate court determines that the record presents arguable issues, there is "a constitutional imperative that counsel be appointed." Penson, 109 S.Ct. at 351.[3] These arguable issues may include the issue of ineffective assistance of trial counsel.
 
 
 9
 The question here is what happens when counsel who also served as trial counsel submits a brief saying that the only issue that might arguably support an appeal is a claim of ineffective assistance of counsel.
 
 
 10
 An Anders brief must be adequate. What is required is a thorough brief that reveals counsel's conscientious examination of the facts and law involved in the direct appeal. Anders, 386 U.S. at 744. The court can require the Anders brief to contain, in addition to anything that arguably justifies reversal, appointed counsel's reasons for believing the appeal to be frivolous. McCoy v. Court of Appeals of Wisconsin, 108 S.Ct. 1895 (1988). Cf. In re Beck, 902 F.2d 5 (7th Cir.1990) (appointed counsel filed an Anders brief of less than two pages, and court appointed new counsel; court now suspends original counsel from the Seventh Circuit bar for one year); Nell v. James, 811 F.2d 100, 104 (2d Cir.1987) ("The task is not discharged by counsel either employing a too-fertile imagination in an effort to 'dream up' new, untested legal theories or by a sophomoric type of report hurriedly prepared a day before the filing deadline").[4] The appellate court can better conduct its own review of the record with competent assistance of counsel.[5] For the court of appeals to accept an inadequately prepared Anders brief in effect denies defendant appellate counsel. See United States v. Zuluaga, 981 F.2d 74, 75 (2d Cir.1992), cert. denied U.S.L.W. 3249 (1993). Prejudice to a defendant is presumed, and new counsel must be appointed. Penson, 109 S.Ct. at 354.[6]
 
 
 11
 The Anders standard was met here. We are not faced with the question of whether new counsel must be appointed when the attorney filing the Anders brief was completely ineffective in his review of the record (for example, stating that he thoroughly reviewed the record when half of the trial was not yet transcribed,[7] or filing a one paragraph analysis[8]). In this case, the Anders brief was adequately prepared, and our own independent review of the record also reveals no arguable issues. In such a case, the criminal appellant is not entitled to a new appellate attorney. The fact that the author of the Anders brief raised the possibility that his own ineffectiveness at trial might be raised on appeal does not compel appointment of new counsel where, as here, counsel thoroughly and professionally reviewed any possible error and concluded--as we do--that no error occurred.[9] Counsel certainly fulfilled the first purpose of the Anders requirement--i.e., he has "provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal." McCoy v. Court of Appeals of Wisconsin, 486 U.S. at 442. In fact, he was willing to lay his own head on the block.
 
 
 12
 Were it not for our independent review of the record pursuant to Penson and Anders, counsel's pointing the finger at himself might compel us to appoint new counsel on appeal. However, that would render meaningless the requirement that the appellate court conduct an independent, detailed review of the case to determine whether the appeal would be wholly frivolous absent any issues that might deserve an adversary presentation. See McCoy, 108 S.Ct. at 1902.
 
 
 13
 Accordingly, the motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Compare United States v. Hollingsworth, Nos. 92-2399, 92-2483, 92-2694, 92-2695, slip op. at 14-15 (7th Cir. Oct. 29, 1993) (stating that there is no defense of private entrapment, but recognizing a limited rule of vicarious entrapment in the unique circumstances presented there where "a private individual acts as agent or conduit for governmental efforts at entrapment")
 
 
 [3]
 Compare cases under 28 U.S.C. § 1915(d), where the court first considers the merits of the indigent litigant's claim, and upon finding a non-frivolous claim, then exercises its discretion in deciding whether appointment of counsel is necessary to assist in presenting the colorable claim. Maclin v. Freake, 650 F.2d 885, 887 (7th Cir.1981)
 
 
 [4]
 Of course, if counsel submits an inadequate Anders brief, the court may refuse to permit counsel to withdraw and may instead relieve him of his duties under 18 U.S.C. § 3006A(c), and take whatever other action the court deems appropriate. See, e.g., United States v. Burnett, 989 F.2d 100 (2d Cir.1993) (after counsel files an inadequate Anders brief, the court must appoint new counsel to pursue the appeal without first determining whether there are no non-frivolous arguments for reversal). Cf. Penson v. Ohio, 109 S.Ct. at 351 (appellate court erred in not appointing new counsel for defendant after it permitted his appellate counsel [who was not the trial attorney] to withdraw when he filed a one paragraph document saying he found no errors, and the court's later review of the record revealed several arguable claims that the then-departed appellate counsel should have seen)
 
 
 [5]
 As the Supreme Court explained:
 One hurdle faced by an appellate court in reviewing a record on appeal without the assistance of counsel is that the record may not accurately and unambiguously reflect all that occurred at the trial. Presumably, appellate counsel may contact the trial attorney to discuss the case and may thus, in arguing the appeal, shed additional light on the proceedings below. The court, of course, is not in the position to conduct such ex parte communications.
 Penson, 109 S.Ct. at 351 n. 5.
 
 
 [6]
 On collateral review, courts have held that new counsel and a new appeal are required where the Anders brief filed in the direct appeal was inadequate. See Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990) (Anders brief asserted no grounds for appeal; habeas petition is granted unless state affords an out-of-time direct appeal with the assistance of competent counsel); Lombard v. Lynaugh, 868 F.2d 1475 (5th Cir.1989) (counsel's two-page Anders brief did not even meet minimum standards where it did not discuss the evidence, refer to the record, or set forth any arguable grounds of error; court notes that there are at least two non-frivolous issues which should be raised; habeas petition granted unless state affords defendant an appropriate out-of-time appeal); Robinson v. Black, 812 F.2d 1084 (8th Cir.1987) (Anders requirements were "woefully unsatisfied"; habeas petition shall be granted unless state reinstates the direct appeal), cert. denied, 488 U.S. 985 (1988)
 
 
 [7]
 See United States v. Osorio-Cadavid, 955 F.2d 686 (11th Cir.1992) (appellate counsel's Anders brief inadequate where omitted portions of trial record had never been ordered transcribed; instead, defendant's counsel "conferred with [defendant's] trial counsel" and concluded the transcripts were unnecessary)
 
 
 [8]
 See, e.g., Penson, 109 S.Ct. at 350 n. 3 (counsel's analysis "bears a marked resemblance to the no-merit letter we held inadequate in Anders")
 
 
 [9]
 If a defendant or his counsel raises an "arguable" issue of ineffective assistance, and appointed counsel was also trial counsel, a reviewing court may decide that the appointment of new counsel prior to a determination of the merits would best protect the defendant. New counsel could file a brief prior to the court's determining the merits, even if new counsel would choose not to raise ineffectiveness of trial counsel in the direct appeal. See United States v. Davenport, 986 F.2d 1047 (7th Cir.1993) (appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal); United States v. D'Iguillont, 979 F.2d 612, 614 (7th Cir.1992) (same), cert. denied, 113 S.Ct. 1873 (1993); United States v. Taglia, 922 F.2d 413, 417 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991) (claim of ineffective assistance of counsel typically requires appellate court to consider evidence outside the record). Otherwise, the appellate court would be forced to review on the merits (instead of for the limited question of whether an arguable issues exists) the ineffective assistance claim raised by Espinoza-Gomez, despite the fact that it might force us to review an undeveloped record and cause him to waive the issue for later collateral attack on a more developed record