UNITED STATES of America, Plaintiff,

v.

Miguel A. SERRANO, Defendant.

Crim. No. 84–381(JP).

United States District Court, D. Puerto Rico.

Sept. 18, 1985.

Lydia Lizarribar, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Blas Herrero, Jr., Hato Rey, P.R., for defendant.

OPINION AND ORDER

PIERAS, District Judge.

I. FACTS:

The defendant, Miguel A. Serrano, is charged in a twelve count indictment with violations of Title 18 U.S.C., Section 657, 1006 and 1343. After discovery was completed and all motions were ruled upon by

the Court, Jury Trial commenced on February 5, 1985. The parties had estimated a very lengthy trial due to the nature of the charges and the number of witnesses needed in order to present the charges to the Jury. After the conclusion of the fifth (5th) day of Trial, the parties requested from the Court a short continuance to meet and stipulate some of the evidence in possession of the Government to attempt an expedited trial instead of a 6 to 8 week trial. On the sixth (6th) day of Trial, the parties exchanged documents and, after requesting additional indulgences from the Court, the defendant and the Government advised that a plea agreement was being reached.

A plea agreement under Federal Rules of Criminal Procedure 11(e)(1)(A), (B) was later filed and signed by defendant, defendant's counsel and the Assistant U.S. Attorney. The Court proceeded with an exhaustive interrogation of the defendant as required by the Federal Rules of Criminal Procedure and being satisfied that it was voluntarily given, knowing his rights and what the penalties were, the plea was accepted and a Judgment of Guilty was entered. Sentencing was then set for the month of May, 1985.

The defendant on May 17, 1985 filed a motion for postponement of sentence and withdrawal of his guilty plea pursuant to Federal Rule of Criminal Procedure 32(d). On May 22, 1985, the Court called the case for sentencing at which time the Court heard the continuance motion and granted a continuance until the parties could appraise the Court as to their position on the Motion for Withdrawal of Plea. A hearing was held on the 22nd of July. At the hearing, both the defense attorney as well as the prosecutor addressed the Court as to the merits, or lack thereof, of the withdrawal motion. The Court referred the defendant for a mental exam since he claimed that, on the day he pleaded guilty, he was not mentally stable to understand what he was doing.

## II. The Guilty Plea Hearing:

Defendant is a thirty five year old person, father of four children, with three years of college education and twelve years experience as a stock broker. On November 28, 1984, the Grand Jury returned a 12 count indictment charging the defendant for misappropriation of funds, wire fraud and mail fraud. After six days of trial and having met with the Assistant U.S. Attorney, the defendant elected to move the Court for a change of plea. The Court reviewed the Plea Agreement and questioned Mr. Serrano at length and in a very careful manner to assure all that the plea was being made voluntarily.

At the beginning of the change of plea, the Court made several introductory questions to ascertain the mental competency of the defendant. Specifically, the Court asked the defendant as to his mental condition, his intake of drugs, his use of alcohol, etc. Having the defendant denied the use of alcohol, or the intake of drugs, except those for the heart condition, the Court asked both the defense counsel and prosecutor of their doubts as to the mental condition of the defendant. There were none; the Court had none.

During the Trial, Mr. Serrano had shown to be aware of what was happening, he was very helpful to the attorney on his defense and even at one point requested permission from the Court to conduct the voir dire of a witness presented by the prosecutor. All the acts prior to trial, during trial and at the change of plea fully convinced the attorneys trying the case and the Court itself that Mr. Serrano was and is mentally stable.

The Court has reviewed the whole file, the facts raised by the parties and the psychiatric exam performed on the defendant and is of the opinion that no further hearings are needed to solve the present petition.

## III. LAW:

It is a basic legal principle that once a guilty plea is entered, a defendant possesses no absolute right to withdraw it

even prior to the imposition of sentence. *United States v. Crosby,* 714 F.2d 185, 189–190 (1st Cir.1983), *cert. denied,* 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178; *United States v. Kobrosky,* 711 F.2d 449 at 454 (1st Cir.1983); *Nuñez Cordero v. United States,* 533 F.2d 723, 726–727 (1st Cir. 1976). However, in deciding a motion such as the one before the Court, it must be determined whether it would be "fair and just" to deny the motion advanced by the defendant. *See* Federal Rules of Criminal Procedure 32(d); *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

### IV. VOLUNTARINESS:

In the motion to vacate his plea, the defendant contends that: (1) On the day of the plea and the days prior to the plea," the defendant had been under great stress"; (2) "he had suffered a heart attack"; (3) "his daughter was very sick"; (4) "he was under medication"; (5) "that he is innocent"; (6) "he was drinking heavily"; (7) "considered taking his own life"; (8) "all of the above, specially the alcohol and the medicine produced a sort of hypnotic state that negates voluntariness on his plea".

The Court will address each point separately:

1. Defendant first asserts that on the day of the plea and prior to the plea, he was "under great stress". There is no doubt in the Court's mind that every accused who comes before this Court is under stress. Stress is present in every accused before this Court and we find no merit in this argument to negate voluntariness.

2. Defendant was hospitalized on December 3, 1984 due to a cardiac episode which led to defendant's emergency hospitalization at the coronary intensive care unit of a hospital until December 7, 1984. The record of the case is devoid that the defendant actually suffered a heart attack; nonetheles, the Court was aware of the heart condition of the defendant during the Rule 11 Hearing. The defendant's voir dire included questions as to the medicines and drugs he was taking at the time. Mr. Serrano explained to the Court the pills he was taking at the time and the reason for which they had been prescribed. The Court is of the opinion that a person with a heart condition can freely and voluntarily plea in a change of plea hearing. Therefore, points two and four are found to be without merit.

3. Defendant alleges that his daughter was very sick, however, this was presented to the Court based on the blanket assertion of the defendant. No proof was presented nor any positive evidence produced at the hearing nor at any stage. However, assuming the statement to be true, the Court is of the opinion that this reason is not sufficient to negate voluntariness in a change of plea hearing. The defendant wishes the Court to infer from his statement that eight (8) days after trial had started and 17 days after his daughter had been ill, this caused him to move for a change of plea. The Court finds no merit in this argument either.

The defendant further contends that the Court should allow the withdrawal of the plea because he is innocent. The Court on the Rule 11 Hearing unequivocally asked the defendant to state the reasons on how he committed the crime and why he considered himself guilty. Mr. Serrano had a copy of the indictment and in a very detailed and calm manner, he explained to the Court each count and how he violated the statute. Mr. Serrano comes before the Court over three months after the Hearing and on the eve of sentencing moves the Court to allow the withdrawal of the plea. The Court finds that the mere assertion of legal innocence after having appeared before the Court and pleaded guilty is not enough; to allow said allegation to prosper would make the withdrawal an automatic right. *See Nuñez Cordero v. United States, supra.*

4. As to defendant's allegation that he was drinking heavily at the time, suffices to say that Mr. Serrano under oath responded to a specific question about alcohol consumption in the negative.

5. Defendant has also made a blanket assertion that at some time he considered taking his own life. The Court takes this self-serving statement for what it is worth. The defendant or counsel never brought this prior to trial or at trial nor at any time immediately after the change of plea. The Court therefore, rejects this argument.

6. Finally, the defendant advances that all these factors put together created a sort of hipnotic state that negates voluntariness. The Court, during the July hearing, considered this point raised by defendant as raising an issue as to the mental state of the defendant, therefore, a mental exam was required of the defendant. The Court has received the mental evaluation of the defendant. The psychiatrist examined the defendant on three occasions and a psycologist tested the defendant on four occasions. The results were of an alert person, with an excellent capacity for retention and an IQ of 122, which is classified as a superior level. The psychiatrist could not detect any psychotic symptoms. The psychiatrist further stated "he has never been psychotic as far as I can perceive".

*"Diagnosis:*

Axis I: Generalized Anxiety Disorder, mild, at the present time.

Axis II: Borderline Personality Disorder.

Axis III: Mild Ischemia, secondary to Coronary Artery Spasm, treated.

Axis IV: Different Court Proceedings, multiple trials, multiple defenses, apparently his lawyer not having oriented him properly.

Axis V: Fair, even though having been under duress."

V. CONCLUSION:

The Court, based on all of the above, coupled with the demeanor shown prior to Trial, at Trial and during the Rule 11 Hearing, the May 22 Hearing, and the July 22 Hearing, finds that defendant's plea was completely voluntarily. Therefore, the Motion for Withdrawal of Plea is hereby DENIED.

The Court sets the Sentencing hearing of Mr. Serrano for October 2nd, 1985, at 9:30 a.m.

The Psychiatric Exam filed by the Government is to be made part of this Opinion and Order.

IT IS SO ORDERED.