Beltran v. United States          CV-98-082-M    03/11/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Maria Beltran,
        Petitioner

        v.                                      Civil No. 98-82-M

United States of America,
        Respondent


**O R D E R**


Although styled as a motion for relief in the nature of a writ of error coram nobis, rather than as a motion to vacate, set aside or correct the judgment and sentence imposed in her case under 28 U.S.C. § 2255,[1] petitioner's motion is without merit in any form.

Arguing that her guilty plea should be set aside because she was not advised, as part of her plea colloquy, that she might later face the collateral consequence of deportation based on a felony narcotics conviction, and thus her plea was improvident, petitioner ignores on-point precedent in this circuit. See e.g. United States v. Quinn, 836 F.2d 654, 655 (1st Cir. 1987) (deportation risk in the context of guilty plea is generally regarded as a collateral consequence only, that is, legally irrelevant); Nunez Cordero v. United States, 533 F.2d 723 (1st Cir. 1976) (no duty to inquire or inform as to deportation

_____

[1] Defendant was convicted on April 8, 1991; a timely motion under 28 U.S.C. § 2255 had to be filed on or before April 24, 1997. Her motion was filed on February 17, 1998.

consequences under Fed. R. Crim. P. 11(c) before accepting guilty plea).

In addition, the motion is fatally deficient in that not only is the proffered reason for withdrawal without merit, but petitioner's motion is filed nearly seven years after her conviction, she makes no assertion of legal innocence, and she has made no showing that her plea was anything other than knowing, intelligent, and voluntary.  See e.g. United States v. Isorm, 85 F.3d 831, 838 (1st Cir. 1996); United States v. Velez Carrero, 954 F. Supp. 20 (D. Puerto Rico 1997).

The motion and the files and records of the case conclusively show that petitioner is entitled to no relief.  To the extent petitioner makes a case for equitable and humanitarian relief based on her good conduct since conviction, those points should be made in the context of the administrative proceedings before the Immigration and Naturalization Service.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 11, 1998

cc:  James C. Dragon, Esq.
     Paul M. Gagnon, Esq.