Massillion v. USA                    CV-98-084-JD  07/21/98

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Enrico Massillion

        v.                              Civil No. 98-84-JD

United States of America


                              O R D E R


        The petitioner has filed a motion pursuant to 28 U.S.C. §
2255 seeking to vacate his plea and sentence.

        Following pleas of guilty, the defendant was sentenced on
February 13, 1997, as follows:  on counts one and two (conspiracy
to possess with intent to distribute cocaine and cocaine base) to
120 months imprisonment; on count five (conspiracy to possess a
firearm), to 60 months imprisonment; on count VI (conspiracy to
make a false statement in acquisition of a firearm) to 60 months
imprisonment; and on count eight (conspiracy to make false
statement required by a licensed firearm dealer) to 60 months
imprisonment.  All sentences were ordered to run concurrently.
No appeal was taken.

        The petitioner claims that his counsel was ineffective for
three reasons.  The court applies the standard set forth in
Strickland v. Washington, 466 U.S. 668 (1984), in evaluating
these claims.

        First, the petitioner claims that his counsel failed to

request a judicial recommendation against deportation under 8 U.S.C. § 1251(b). Prior to November 29, 1990, district judges were authorized under certain circumstances to make a recommendation against deportation at the time of sentencing. 8 U.S.C. § 1251(b)(2).[1] However, this authority was repealed on November 29, 1990. See United States v. Bodre, 918 F.2d 28, 30 (1st Cir. 1991). Since as of the date of the petitioner's sentencing the court no longer had authority to make a recommendation against deportation, petitioner's counsel cannot be charged with being ineffective for failing to do so.

The petitioner's second claim is that his counsel erroneously advised him that if he entered a guilty plea, he would have counts three and four dismissed and receive a sentence within the guideline range of 70-87 months. He also contends

---

[1] 8 U.S.C. § 1251(b)(2) provided, in relevant part:

> (b) the provision . . . of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply . . . (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section.

2

that his counsel failed to inform him about the collateral
consequences of deportation.

Counts three and four were dismissed upon motion of the
government.  During the plea colloquy on July 10, 1996, the
defendant, under oath, in response to questions from the court,
stated that 40 years was the maximum penalty he could receive on
counts one and two and that he was aware that each count also
carried a mandatory minimum sentence of five years.  He also
answered the court's questions correctly when asked what the
maximum penalty was on the other counts (five years).  The court
specifically asked petitioner if he had discussed the "possible
application of the guidelines" with his counsel and he responded
that he had.  The court specifically asked petitioner's counsel
if he had "reviewed how the guidelines might possibly apply" to
the petitioner's case and he acknowledge he had.  These responses
immediately preceded the following colloquy between the court and
the petitioner:

> THE COURT:  Now just as Mr. Utter can't -- I can't
> tell you what the range is today, neither can Mr.
> Utter.  He can give you this estimate --
>
> THE WITNESS:  Um-hum.
>
> THE COURT:  -- or best opinion, but you understand
> that in the end the Court may determine that the

3

guidelines range is different from what he has told you.

        THE DEFENDANT:  Yes.

        THE COURT:  If that happens, you realize you can't withdraw your guilty plea.

        THE DEFENDANT:  Yes.

        THE COURT:  In some instances after the Court has established the guideline range, the Court can impose a sentence that's greater than that range or less than that range.

        THE DEFENDANT:  Okay.

        THE COURT:  Do you understand that if the Court does that you cannot withdraw  your guilty plea?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  You understand that if you don't get the sentence that you hope to receive, would like to receive, or expect to receive, you cannot withdraw your guilty plea?

        THE DEFENDANT:  Yes.

United States v. Massillon, Criminal No. 96-018-01-JD (Transcript of Sentencing, Feb. 13, 1998, pp. 17-18).

The court finds that the petitioner knew that any sentencing range his counsel discussed with him was merely an estimate or best opinion, that the court could establish a range different from what his counsel told him, and that if there was a difference, it would not be grounds for withdrawing his plea. Given the petitioner's state of knowledge as reflected by his

4

responses to the Court's questions, his present claim that his plea was not voluntary and intelligent finds no basis in fact and appears to be an ex post facto fabrication.

Assuming that petitioner's counsel did not inform him of the collateral consequence of deportation, this failure did not amount to ineffective assistance of counsel. The deportation process is civil in nature and is a collateral consequence of a criminal conviction, whether that conviction results following a trial or a guilty plea. The fact that deportation may result as a consequence of a criminal conviction does not make it part of the punishment for that conviction. In canvassing a defendant during a guilty plea, a judge is not required to inquire of or inform the defendant about deportation consequences. Nunez Cordero v. United States, 533 F.2d 723 (1st Cir. 1976). Since deportation is legally irrelevant when a defendant enters a guilty plea, the failure of the petitioner's counsel to raise the matter with him does not render him ineffective. Cf. United States v. Quin, 836 F.2d 654 (1st Cir. 1987). One can think of numerous collateral consequences that can flow from a criminal conviction (e.g., divorce, loss of job), and the mere fact that defense counsel does not review these collateral consequences with a criminal defendant does not make a guilty plea involuntary and unintelligent. The petitioner was fully aware of the direct

5

consequences of his guilty pleas, of the constitutional rights he was giving up and the potential maximum sentences that he faced. The fact that, as he now claims, he would have opted for a trial instead of a plea had he known of the deportation consequence does not render his plea involuntary and unintelligent. In addition, assuming, arguendo, that counsel was obligated to inform him of the deportation consequences, petitioner has failed to demonstrate that there is a reasonable probability that but for counsel's error the result of the proceeding would have been different. Going to trial in no way would have guaranteed that the petitioner would be found not guilty. Indeed, based on the proffer made by the government at the plea hearing and agreed to by the defendant, with certain qualifications, a guilty verdict following trial by jury would be reasonably probable.

The last claim raised by the petitioner is that a misdemeanor conviction on March 30, 1993, for assault and battery on a police officer should not have been used to calculate his criminal history category and his counsel was ineffective for failing to raise this issue. Criminal history points are calculated based not on the characterization of a conviction as a misdemeanor or a felony but rather on the length of sentence that was imposed. See United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1. "To minimize problems with imperfect

6

measures of past crime seriousness, criminal history categories are based on the maximum time imposed in previous sentences rather than other means, such as whether the conviction was designated a felony or misdemeanor." U.S.S.G. (1977 ed.), § 4A1.1, Background (page 287). Since the petitioner is wrong in his interpretation of the guidelines, his counsel cannot be found to be ineffective for failing to raise this issue.

The petitioner has failed to show that his counsel's performance was below an objective standard of reasonableness under prevailing professional norms.

Motion denied. The clerk shall close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 21, 1998

cc:  Enrico Massillon, pro se
     U.S. Attorney

7